UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Andrew Marshall McElrath, | ) | C/A No. 8:15-cv-04020-BHH-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | REPORT AND RECOMMENDATION |
| vs. | ) | (partial summary dismissal) |
| | ) | |
| Anderson County Sheriff's Office; | ) | |
| Sheriff John Skipper; | ) | |
| Ricky Scott; | ) | |
| Sgt. Bannister; | ) | |
| John Doe, | ) | |
| Defendants. | ) | |
| | ) | |

This is a civil action filed pro se by a state prison inmate. Pursuant to 28 U.S.C. § 636(b)(1), and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the district court. *See* 28 U.S.C. §§ 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

I.  Factual Background

Plaintiff alleges he was subjected to excessive force during an arrest on December 8, 2012, and that although personnel from the Anderson County Sheriff's Office were present during the arrest, they did nothing to prevent the use of excessive force by other law enforcement officers. Compl. 3, ECF No. 1. The basic facts of this case are essentially the same as those stated against employees of the South Carolina Department of Corrections ("SCDC") in the currently pending case of *McElrath v. Division of Investigative Department Agents*, No. 8:14-cv-00785-BHH (D.S.C.). Plaintiff's specific allegations in this Complaint are that Defendants Scott and Bannister were present at the scene of the arrest, placed him in handcuffs and "assaulted

[him] by kicking [him] numerous times in stomach area and growing [sic] area," and did nothing to protect him from the use of excessive force by the SCDC officers who are being sued in the pending case. ECF No. 1 at 3. Although Plaintiff names Skipper and Doe as defendants, the Complaint does not include any allegations that Defendant Skipper or Defendant Doe did anything improper or had any personal involvement in or knowledge of the circumstances surrounding the December 8th arrest. Neither of these Defendants are mentioned anywhere in the factual allegations making up the body of the Complaint; their names are only listed in the caption of the pleading and on the page containing a listing of the intended defendants' names and addresses. *Id.* at 1, 2. Plaintiff asks this court to award him "one million dollars for actual injuries, pain & suffering and civil rights violations." *Id.* at 5.

II.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's pro se Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

Pro se complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v.*

*Angelone*, 330 F.3d 630, 630 n.1 (4th Cir. 2003). Nevertheless, the requirement of liberal construction does not mean that this court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Even under this less stringent standard, the Complaint filed in this case is subject to partial summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

III.    Discussion

Initially, the Complaint under review is subject to partial summary dismissal as to Defendant Anderson County Sheriff's Office because it is not a person subject to liability for damages pursuant to 42 U.S.C. § 1983, which appears to be the legal basis for this lawsuit.[1] To state a plausible claim for relief under § 1983,[1] an aggrieved party must sufficiently allege that he or she was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983; *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (3d ed. 2014). It is well settled that only "persons" may act under color of state law; therefore, a defendant in a § 1983 action must qualify as a "person." This

---

[1] Although he does not refer to any specific statutory basis for his claims, Plaintiff's claims for damages allegedly arising from constitutional violations by employees of the State of South Carolina and Anderson County are properly considered by this court under its federal question jurisdiction pursuant to 42 U.S.C. § 1983. Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 731-32 (1989). The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. *Wyatt v. Cole*, 504 U.S. 158, 161 (1992) (citation omitted) (emphasis added). No other viable basis for the exercise of this court's limited subject-matter jurisdiction over Plaintiff's allegations is evident from the face of the Complaint.

3

court has specifically held that "municipal and county police departments and bureaus are generally not considered 'persons' within the meaning of 42 U.S.C. § 1983." *Hammond v. Fernandes*, No. 2:12-1128-MGL-BHH, 2012 WL 3717184, at *8 (July 18, 2012), *report and recommendation adopted*, 2012 WL 3716432 (D.S.C. Aug. 28, 2012); *see Milligan v. Drug Enforcement Admin.*, No. 3:13-CV-02757-TLW, 2014 WL 897144, at *5 (D.S.C. Mar. 6, 2014) (citing *Terrell v. City of Harrisburg Police Dep't,* 549 F. Supp. 2d 671, 686 (M.D. Pa. 2008); *Petaway v. City of New Haven Police Dep't,* 541 F. Supp. 2d 504, 510 (D. Conn. 2008); *Buchanan v. Williams,* 434 F. Supp. 2d 521, 529 (M.D. Tenn. 2006)).

Additionally, the Complaint under review should be partially summarily dismissed insofar as it names Sheriff John Skipper and John Doe as Defendants because there are no allegations of personal wrongdoing by either of these persons. Under the provisions of the Prison Litigation Reform Act, more specifically 28 U.S.C. § 1915(e)(2)(B), this court should dismiss an action filed by a prisoner which is "frivolous" or "fails to state a claim on which relief may be granted." Because there are no allegations of any wrongdoing by Defendants Skipper or Doe, Plaintiff's Complaint is both frivolous and fails to state a claim on which relief can be granted as to these Defendants. *See Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed."); *Newkirk v. Circuit Court of City of Hampton*, No. 3:14CV372-HEH, 2014 WL 4072212 (E.D. Va. Aug. 14, 2014) (complaint subject to summary dismissal where no factual allegations against named defendants within the body of the pleading); *see also Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003); *Black v. Lane*, 22 F.3d 1395, 1401 n.8 (7th Cir. 1994);

*Walker v. Hodge*, 4 F.3d 991, at *2 n.2 (5th Cir. 1993); *Banks v. Scott*, 3:13CV363, 2014 WL 5430987, at *2 (E.D. Va. Oct. 24, 2014).

Furthermore, the fact that Defendant Skipper is the employment supervisor of Defendants Scott and Bannister does not substitute for the lack of substantive allegations of wrongdoing by him. Skipper's supervisory position is not, alone, a basis on which to hold him liable to Plaintiff for the alleged wrongdoing of his subordinates. To assert a plausible constitutional-violation claim against any particular public official under 42 U.S.C. § 1983, a plaintiff's allegations must show a causal connection or affirmative link between the conduct of which the plaintiff complains and the official sued. *See Rizzo v. Goode*, 423 U.S. 362, 371-72 (1976) (a § 1983 plaintiff must show that he suffered a specific injury as a result of specific conduct of a defendant, and an affirmative link between the injury and that conduct); *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) (for an individual to be liable under § 1983, it must be affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights); *see also Kentucky v. Graham*, 473 U.S. 159, 166 (1985). As a general rule, the doctrine of vicarious liability or *respondeat superior* is not available to a § 1983 plaintiff as a means to create liability of a state-actor supervisor for the acts or his/her subordinate. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).

IV.     Recommendation

Accordingly, it is recommended that the district court partially dismiss the Complaint in this case *without prejudice* as to Defendants Anderson County Sheriff's Office, Sheriff John Skipper, and John Doe. *See Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). The

Complaint should be served on Defendants Scott and Bannister.

    IT IS SO RECOMMENDED.

October 20, 2015                                            Kaymani D. West
Florence, South Carolina                            United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 2317**
> **Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).